# IN THE SUPREME COURT OF THE STATE OF NEVADA

SERGE WOODRUFF,
Appellant,
vs.
TONY PITSICALIS, AN INDIVIDUAL;
CLEAR RECON CORP., A NEVADA
CORPORATION; AND
CITIMORTGAGE, INC., A NEW YORK
CORPORATION, AND ANY AND ALL
OTHER PERSON UNKNOWN
CLAIMING ANY RIGHT, TITLE,
ESTATE, LIEN OR INTEREST IN THE
PROPERTY ADVERSE TO THE
PLAINTIFF'S OWNERSHIP, OR ANY
CLOUD UPON PLAINTIFF'S TITLE
THERETO,
Respondents.

No. 63958

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Y____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order denying a preliminary injunction in a quiet title action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

The district court denied Serge Woodruff's preliminary injunction motion, finding that Woodruff failed to demonstrate a reasonable likelihood of success on the merits because "Plaintiff has not established that it is likely to be found to be a bona fide purchaser" and "it is also unclear whether the amount paid was for alleged super priority lien amounts." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. Thus, the district court's decision,

14-37561

insofar as it was based on the conclusion that Woodruff had record notice of a first-priority security interest and did not recognize the complaint's factual allegations as true was based on an erroneous interpretation of the controlling law. Accordingly, we

VACATE the order denying preliminary injunctive relief AND REMAND this matter to the district court for further proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Citimortgage lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of these appeals.

_____, J.
Cherry

_____

[1]The injunction imposed by our October 1, 2013, order is vacated.

cc: Hon. Joanna Kishner, District Judge
Greene Infuso, LLP
Akerman LLP/Las Vegas
Brooks Hubley LLP
Pite Duncan, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3